Deverie J. Christensen, Bar No. 6596
Daniel I. Aquino, Bar No. 12682
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Deverie.christensen@jacksonlewis.com
Daniel.aquino@jacksonlewis.com
Tel: (702) 921-2460
Fax: (702) 921-2461

Paul V. Kelly (admitted pro hac vice)
paul.kelly@jacksonlewis.com
**JACKSON LEWIS LLP**
75 Park Plaza
Boston, MA  02116
Tel: (617) 367-0025
Fax: (617) 367-2155

*Attorneys for Defendants*
*Mission Support and Test Services LLC, Mark*
*Martinez and Honeywell International Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN MUSIN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MISSION SUPPORT AND TEST SERVICES LLC, MARK MARTINEZ. AND HONEYWELL INTERNATIONAL INC.,<br><br>　　　　Defendants. | Case No. 2:19-cv-2058-JAD-NJK<br><br><br>~~**DEFENDANTS' [PROPOSED]**~~ **DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

Pursuant to Federal Rule of Civil Procedure 26(f), ALL Defendants submit the following proposed Discovery Plan and Scheduling Order.

All parties of record participated in the meeting required under Fed. R. Civ. P. 26(f) held on June 18, 2020.  Despite good faith efforts, the parties were unable to agree upon a Discovery Plan and are submitting separate proposed Discovery Plans for the Court's consideration.

1

Plaintiff proposed to require the parties, in all instances of any discovery dispute, to request a discovery conference with the Magistrate Judge prior to filing any discovery related motions. In the event of a discovery dispute, Defendants are amenable to discussing whether a particular discovery dispute lends itself to requesting a discovery conference with the Magistrate Judge. However, Defendants are not agreeable to a blanket order that requires the parties to request a discovery conference with the Magistrate Judge prior to filing any discovery related motions. For example, Defendants may find it necessary to file a motion to protective order prior to a deadline to respond to discovery. Thus, the parties did not agree to submit a stipulated discovery plan.

## SPECIAL SCHEDULING CONSIDERATION REQUESTED

In light of the COVID-19 pandemic health crisis, as well as other considerations in this case, including that Plaintiff has moved out of Nevada and a number of witnesses in the case will also be located outside of Nevada, Defendants are requesting special consideration for an extended discovery period to account for the additional difficulties that will be encountered in completing discovery in this matter. Accordingly, Defendants are requesting that the discovery period run through and including January 22, 2021, instead of the presumptive 180 days from the first appearance of the Defendants. This additional time will help the parties manage the logistics of conducting the discovery in this matter in conjunction with the obstacles presented by COVID-19.

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(e), Defendant proposes the following discovery plan and scheduling order.

1. <u>Discovery Cut Off Date</u>. Defendants request a discovery period running through **January 22, 2021**.

2. <u>Amending the Pleadings and Adding Parties</u>. The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the close of discovery**:  October 26, 2020** [October 24, 2020 being a Saturday].

3. <u>Expert Witness Disclosures</u>.  The disclosure of any expert witnesses shall be made sixty (60) days before the discovery deadline:  **November 23, 2020**.  The disclosures of any rebuttal experts shall be due thirty (30) days after the initial disclosures of experts: **December 23, 2020**.  The requirements of F.R.C.P. 26(a) (2) (B) shall apply to any such disclosures.

4. <u>Dispositive Motions.</u>  Dispositive motions shall be filed not later than thirty (30) days after the discovery cut-off date:  **February 22, 2021** [February 21, 2021 being a Sunday].

5. <u>retrial Order</u>.  The Joint Pretrial Order shall be filed not later than thirty (30) days after the date set for filing dispositive motions:  **March 24, 2021**.  However, in the event that dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

6. <u>Initial Disclosures</u>:  The initial disclosures shall be made by the parties on or before July 24, 2020.   No changes need to be made in the timing, form or requirements for such disclosures.

7. <u>Rule 26(a) (3) Disclosures</u>.  The disclosures required by Rule 26(a) (3) and any objection thereto shall be included in the Pretrial Order.

8. <u>Subjects on Which Discovery Will be Conducted</u>.  Defendants anticipate discovery will be needed on the Plaintiff's claims, Defendants' denials and the affirmative defenses raised in the Answers.  No changes should be made on the limitations of discovery

imposed under Federal Rules of Civil Procedure or local rules. Discovery does not need to be conducted in phases or limited or focused on particular issues.

9.  <u>Electronic Information</u>:  Defendants do not at this time anticipate any issues about disclosures or discovery of electronically stored information, if any, including the form or forms in which it should be produced.  Defendants proposes the parties shall meet and confer and otherwise work in good faith with respect to the production of electronically stored information should any dispute arise.

10.  <u>Electronic Evidence at Trial</u>. Defendants certify they have discussed with Plaintiff whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches and any electronic evidence will be presented in a format compatible with the court's electronic jury evidence display system.

11.  <u>Privileged or Protected Documents</u>:  Defendant does not know of any issues regarding claims of privilege or protection that need to be specifically addressed at this time.

12.  <u>Electronic Filing</u>:  The attorneys of record in this matter are registered for electronic filing with this Court.  Any documents electronically filed with the Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court.

13.  <u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>:  In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

14. <u>Alternative Dispute Resolution</u>.  In compliance with LR 26-1(b)(7), the Defendants' certify they met and conferred with Plaintiff about the possibility of using alternative dispute-resolution processes including mediation, arbitration and early neutral evaluation.

15. <u>Alternative Forms of Case Disposition</u>.  In compliance with LR 26-1(b)(8), the Defendants' certify they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01).

Respectfully submitted this 2nd day of July, 2020.

JACKSON LEWIS P.C.

*/s/ Deverie J. Christensen*
Deverie J. Christensen, Bar No. 6596
Daniel I. Aquino, Bar No. 12682
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Paul V. Kelly (admitted pro hac vice)
75 Park Plaza
Boston, MA  02116

*Attorneys for Defendants*

Defendant's proposed discovery plan (Docket No. 37) is **GRANTED**.  Plaintiff's proposed discovery plan (Docket No. 38) is **DENIED**.

**ORDER**

IT IS SO ORDERED.

_____
U.S. ~~District~~/Magistrate Judge

Dated: July 6, 2020

4833-6967-2897, v. 1