# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Stephen Musin,

    Plaintiff

v.

Honeywell International, Inc., et al.

    Defendants

Case No.: 2:19-cv-02058-JAD-NJK

**Order Granting Defendants' Motions to Dismiss Sarbanes-Oxley Claim with Limited Leave to Amend**

[ECF Nos. 18, 19, 20]

Plaintiff Stephen Musin sues his former employer, Mission Support and Test Services, LLC (MSTS), MSTS's president Mark Martinez, and Honeywell International, Inc., a minority owner of MSTS. Among other things, Musin alleges that he was demoted and fired after internally reporting what he believed were violations of federal securities laws. The defendants each separately move to dismiss Musin's retaliation claim under the Sarbanes-Oxley Act. Because MSTS is not a public company and is not otherwise covered under the Sarbanes-Oxley Act, I dismiss this claim against MSTS and Martinez. And because Musin was not employed by Honeywell at the time of his demotion and termination, I dismiss the retaliation claim against Honeywell.

## Background

Musin alleges that he was recruited by Honeywell to be the Chief Financial Officer for MSTS, which Honeywell and its joint venturers—two companies that are not party to this suit—formed to operate the Nevada National Security Site under a contract with the U.S. Department of Energy.[1] After he was hired, Musin was given the option to continue as a Honeywell

---

[1] ECF No. 14 at 3–4.

employee or become an employee of MSTS.[2]  Musin opted to become an MSTS employee in late 2017.[3]

Musin alleges that over the course of his time at MSTS, he witnessed multiple actions by Martinez, MSTS's President, that he believed would lead to violations of federal securities laws.[4] When Musin brought his concerns about Martinez's behavior to MSTS's legal department, Musin was removed from the CFO position, reassigned to a cubicle in the human-resources department, and given no new work.[5]  He was fired six months later.[6]

After filing a complaint with the Secretary of Labor, Musin filed this lawsuit, raising seven causes of action running the gamut from breach of contract to fraud.[7]  After the defendants moved to dismiss, Musin amended his complaint, which all three defendants now separately move to dismiss.[8]  They all seek dismissal of only one of Musin's claims: that his demotion and firing violated the anti-retaliation provision of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. MSTS and Martinez argue that they are not liable under Sarbanes-Oxley because MSTS, a private company, is not covered by the Act.  Honeywell argues that Musin was not its employee at the time he was fired, so it cannot be liable for retaliation.  All three defendants also argue that Musin's claim is untimtely and that he failed to allege protected activity for which he was allegedly retaliated against.

---

[2] *Id.* at 4.
[3] *Id.*
[4] *Id.* at 7–9.
[5] *Id.* at 9–10.
[6] *Id.* at 10.
[7] ECF No. 1.
[8] ECF Nos. 18, 19, 20.

**Discussion**

**A.     Motion-to-dismiss standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[9] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[10] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[11] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[12]

District courts employ a two-step approach when evaluating a claim's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations, recognizing that legal conclusions are not entitled to the assumption of truth.[13] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[14] The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[15] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[16] A claim

---

[9] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[10] *Twombly*, 550 U.S. at 570.

[11] *Iqbal*, 556 U.S. at 678.

[12] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[13] *Iqbal*, 556 U.S. at 678–79.

[14] *Id.*

[15] *Id.* at 679.

[16] *Id.*

that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[17]

**B.  Musin has not alleged that MSTS is a publicly traded company or a covered subsidiary or affiliate of a publicly traded company.**

Under the Sarbanes-Oxley Act, publicly traded companies or "any subsidiary or affiliate whose financial information is included in the consolidated financial statements" of a publicly traded company are prohibited from firing, demoting, or otherwise retaliating against any employee who reports or investigates conduct the employee reasonably believes violates federal securities laws.[18]  MSTS and Martinez both argue that the Sarbanes-Oxley Act does not apply because the Act only provides whistleblower protection to employees of publicly traded companies, and because MSTS is privately held, it cannot be sued for retaliation under the Sarbanes-Oxley Act.[19]  Musin responds that he alleged in his complaint that MSTS is a subsidiary and affiliate of the joint venture of three publicly traded companies, which means that he was protected by the Act.[20]

But Musin's complaint only conclusorily states, with no factual support, that MSTS is a subsidiary or affiliate of Honeywell and Honeywell's joint venturers.  He does not allege facts to support this statement, which does not seem to be wholly accurate.  MSTS does not appear to be a subsidiary of Honeywell because Honeywell owns less than fifty percent of MSTS,[21] and nothing in the complaint supports the allegation that MSTS is an "affiliate *whose financial*

---

[17] *Twombly*, 550 U.S. at 570.

[18] 18 U.S.C. § 1514A(a).

[19] ECF No. 18 at 6.

[20] ECF No. 25 at 17.

[21] *See Subsidiary Corporation*, BLACK'S LAW DICTIONARY (11th ed. 2019).

4

*information is included in the consolidated financial statements.*"[22]  Musin merely recites the elements necessary to plead his cause of action, and without more, the Sarbanes-Oxley claim against MSTS and Martinez cannot move forward.[23]  I therefore grant MSTS's and Martinez's motions to dismiss.  But because it is not clear that Musin would not be able to allege facts to better support his claim that MSTS is covered by the Sarbanes-Oxley Act, I dismiss this claim without prejudice and grant Musin leave to amend if he can plead the facts to show that MSTS is covered by the Act.

**C.     Musin was not a Honeywell employee when he was fired**

Honeywell's main argument for dismissing Musin's Sarbanes-Oxley claim against it is that Musin was not employed by Honeywell at any relevant time.[24]  Musin does not address this argument in his response.  While Musin alleges that he was, at one point, a Honeywell employee, he also states that he became an MSTS employee in December 2017, before he complained about Martinez's actions, before he was demoted, and before he was fired.  The plain text of the Sarbanes-Oxley Act protects "employees" from retaliation.[25]  And because Musin alleges no employment relationship between himself and Honeywell at the time of the alleged retaliation, his claim against Honeywell under the Sarbanes-Oxley Act fails.  So, I also grant Honeywell's motion to dismiss.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **[ECF Nos. 18, 19, and 20] are GRANTED**.  Musin's claim against Honeywell under the Sarbanes-Oxley Act

---

[22] 18 U.S.C. § 1514A(a) (emphasis added).

[23] *Iqbal*, 556 U.S. at 678–79.

[24] ECF No. 20 at 5–7.

[25] 18 U.S.C. § 1514A(a).

is dismissed with prejudice. Musin's claim against Martinez and MSTS under the Sarbanes-Oxley Act is dismissed without prejudice. Musin has 10 days to file an amended complaint revising the claim against Martinez and MSTS only, if he can cure the defects described in this order.

Dated: December 11, 2020

_____
U.S. District Judge Jennifer A. Dorsey